**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHARONA ANDERSON,<br><br>             Plaintiff,<br><br>   v.<br><br>RICHARD D SOKOLOFF, ATTORNEY AT LAW PLLC d/b/a RICHARD SOKOLOFF, ATTORNEY AT LAW and RICHARD SOKOLOFF,<br><br>             Defendants. | **CASE NO.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

SHARONA ANDERSON, the Plaintiff herein, by her attorneys, as and for her complaint against Defendants RICHARD D SOKOLOFF, ATTORNEY AT LAW PLLC d/b/a RICHARD SOKOLOFF, ATTORNEY AT LAW ("RDS") and RICHARD SOKOLOFF ("Sokoloff") (collectively "Defendants"), alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, and New York General Business Law § 349.

### JURISDICTION & VENUE

2. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Plaintiff resides in this district and a substantial part of the events or omissions, giving rise to Plaintiff's claims occurred in this District.

6.  Defendants transact business in the State of New York. Defendants are registered to conduct business in the State of New York. Therefore, personal jurisdiction is established.

## PARTIES

7.  At all relevant times, Plaintiff Sharona Anderson has resided in the State of New York.

8.  Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

9.  Defendant RICHARD D SOKOLOFF, ATTORNEY AT LAW PLLC d/b/a RICHARD SOKOLOFF, ATTORNEY AT LAW is a domestic professional service limited liability company that did transact and presently does business in the State of New York.

10. Defendant RDS is authorized to conduct business in the State of New York through its principal executive office located at 1270 Smithtown Avenue, Suite B, Bohemia, NY 11716.

11. Upon information and belief, the principal purpose of RDS is in the business of the collection of debts using the legal system, instrumentalities of interstate commerce, including mail and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Upon information and belief Defendant RDS is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

13. Upon information and belief, Defendant RICHARD SOKOLOFF is a natural individual, an agent of the "debt collector" RDS, a main financial beneficiary of "debt collector" RDS, an individual with a principal place of business located at "debt collector" RDS, and/or controls and/or supervises the debt collection activities of "debt collector" RDS.

14. Mr. Sokoloff therefore is a "person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or

who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Mr. Sokoloff is a debt collector as defined by 15 U.S.C. § 1692a(6) and Mr. Sokoloff is accordingly liable for the acts of Defendant RDS.

15. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

16. The Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. The Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

18. Plaintiff adopts and realleges the foregoing as fully restated herein.

19. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation, that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. On a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

21. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendants.

22. At no time has Plaintiff owed any debt to Defendants.

23. At no time has Plaintiff had any accounts open with Defendants.

24. At no time has Plaintiff had any personal credit accounts with Defendants.

25. At no time has Plaintiff had any personal business relationship with Defendants.

26. At no time has Defendants been in possession of a signed contract between Plaintiff and any other entity.

27. Given the facts delineated above, at no time has Plaintiff had any information in her possession to suggest that Plaintiff owed a debt to Defendants.

28. Given the facts delineated above, at no time has Plaintiff had any information in her possession to suggest that Plaintiff was responsible for paying a debt to Defendants.

29. Consequently, Defendants began their collection efforts to collect said debt from Plaintiff.

<u>**Collection Attempts**</u>

30. On a date better known to Defendants, Defendants RDS and Sokoloff, on behalf of an entity known as NYMHB Fertility Services PC, filed an action to recover an alleged debt they attributed to Plaintiff in the Civil Court of the City of New York, County of Kings, entitled *NYMHB Fertility Services PC v. Sharona Anderson*, Index No.: CV-l 18360-08/KI ("Civil Court Action").

31. On or about March 25, 2022, a default judgment was entered against the Plaintiff in the amount of $2, 958.10 in the Civil Court Action.

32. On or about April 21, 2022, the default judgment was vacated by order of Hon. Sandra Elena Roper, a Judge in the New York City Civil Court.

33. On or about August 12, 2022, the case was scheduled for a pre-trial conference before Hon. Saul Stein, another Judge in the New York City Civil Court, however, due to non-appearance by the Plaintiff, the entire Civil Court Action was dismissed, and the action was disposed.

34. Since the Civil Court Action's disposition, the Defendants nor the entity they represented, never made any application to restore the Civil Court Action to the court's calendar.

35. However, in or around September 2025, Defendants issued a judgment levy against the Plaintiff via NYC Marshal Ronald Moses, for a judgment that was vacated and a case that was dismissed and disposed, subsequently disabling the Plaintiff's personal bank account.

36. There is no judgment that exists against the Plaintiff that can be enforced by the Defendants. The judgment against the Plaintiff was vacated over three years ago and has never been reinstated.

37. As of September 23, 2025, Defendants falsely claimed that they have a judgment against Ms. Anderson, and she owes the full judgment amount plus interest.

38. Defendants are now attempting to collect the original amount of the judgment, knowing that the judgment obtained against the Plaintiff has been previously vacated by the Court.

39. In now attempting to collect a nonexistent judgment, Defendants have caused the Plaintiff to suffer irreparable harm, including but not limited to, significant economic and financial damage.

40. As of September 23, 2025, Defendants knew or should have known that the judgement against Ms. Anderson was nonexistent, having been previously vacated by the Court.

41. As of September 23, 2025, Defendants did not engage in any meaningful review of the debt they sought to collect in order to determine if Ms. Anderson owed the debt.

42. On or around November 5, 2025, Plaintiff filed an order to show cause to vacate the judgment Defendants were attributing to her. Consequently, the order to show cause was entered by the court and Defendants were served with a copy of the entered order to show cause.

43. Less than a year prior to the commencement of this instant action, Defendants attempted to collect an alleged debt by enforcing judgment that was vacated and rendered void.

44. Defendants' representations in their attempt to collect a debt that is not owed and void, are "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

45. Consequently, Defendants have maliciously sought to collect the debt from the Plaintiff.

46. In light of the facts articulated herein, less than a year prior to the commencement of this instant action, Defendants utilized false and deceptive means to coerce Plaintiff into the paying a voided debt.

47. In light of the facts articulated herein, less than a year prior to the commencement of this instant action, Defendants utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying a voided debt.

48. In light of the facts articulated herein, less than a year prior to the commencement of this instant action, Defendants attempted to collect a debt by communicating false representations or utilizing deceptive means.

49. In light of the facts articulated herein, less than a year prior to the commencement of this instant action, Defendants engaged in collection activity, the purpose of which was to harass the Plaintiff.

50. In light of the facts articulated herein, less than a year prior to the commencement of this instant action, Defendants attempted to collect a debt by making false or misleading representations as to the character, amount or legal status of the alleged debt.

51. In light of the facts articulated herein, less than a year prior to the commencement of this instant action, Defendants attempted to collect a debt by collecting an amount not authorized by an agreement or permitted by law.

52. In light of the facts articulated herein, less than a year prior to the commencement of this instant action, Defendants attempted to collect a debt by improperly issuing a judgment levy in an action, where the judgment was vacated and the action was entirely disposed.

53. In light of the facts articulated herein, less than a year prior to the commencement of this instant action, Defendants attempted to collect a debt by unfairly causing the Plaintiff to incur charges, where the judgment was vacated and the action was entirely disposed.

54. In light of the facts articulated herein, less than a year prior to the commencement of this instant action, Defendants attempted to collect a debt after they knew the consumer to be represented by an attorney and there was no consent from Plaintiff's attorney to communicate with the Plaintiff directly.

55. Defendants' activity on these occasions was in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), 1692f(5) and 1692f(6), amongst others.

56. Defendants' collection activity on these occasions was in violation of the provisions set forth in NY GBL § 349(a).

57. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## PRACTICES OF DEFENDANTS

58. It is or was the policy and practice of Defendants to collect or attempt to collect debts by utilizing various deceptive means, i.e, civil litigation.

59. Said practices and policies of Defendants are deceptive representations, which contradicts consumers' rights.

60. That the Defendants intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers, for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

61. That the Defendants intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers by failing to do their due diligence prior to commencing debt collection actions against consumers.

62. That the Defendants intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers by issuing illegal judgment levies and disabling the properties of consumers, causing irreparable harm.

63. That the Defendants intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers that are not authorized by contracts or agreements.

64. Defendants' conduct violates 15 U.S.C. § 1692 *et seq.*, including but not limited to subsections (c), (d), (e) and (f) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

65. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory

damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

66. Defendants' conduct violates GBL § 349(a) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

67. As per NY GBL § 349(a) and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

68. Plaintiff was damaged by the Defendants' conduct insomuch as significant economic harm, experiencing worries and concerns and significant emotional harm as a result of Defendants' conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

## ALLEGATIONS OF LAW

69. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to the following: c, d, e, and f.

    i.   Defendants violated 15 U.S.C. § 1692c(a)(2) by attempting to collect a debt after it knows the consumer to be represented by an attorney and there was no consent from Plaintiff's attorney to contact the Plaintiff directly;

   ii.   Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

iii.  Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

iv.  Defendants violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

v.  Defendants violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

vi.  Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

vii.  Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by an agreement or permitted by law;

viii.  Defendants violated 15 U.S.C. § 1692f(5) with its unfair practices that caused charges to be made by the consumer;

ix.  Defendants violated 15 U.S.C. § 1692f(6) with its unfair practices that disabled the consumer's property.

70. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## CLAIMS FOR RELIEF AGAINST DEFENDANTS

### COUNT 1 – Violation of § 1692c(a)(2) Of the FDCPA – After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

71. Plaintiff adopts and realleges the foregoing as fully stated herein.

72. Section 1692c(a)(2) of the FDCPA prohibits a debt collector communicating with a consumer after it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive. See, 15 U.S.C. § 1692c(a)(2).

73. Defendants' violation of § 1692c(a)(2) of the FDCPA, include, but are not limited to, contacting the Plaintiff directly when they know the consumer is represented by counsel and said counsel did not consent to Defendants contacting the consumer, in an attempt to collect a debt.

74. Defendants' violation of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

75. Defendants' actions committed in violation of § 1692c(a)(2) have caused Plaintiff to suffer actual injury in the form of disabling of her bank account, economic harm, financial damage, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

76. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692c(a)(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

77. Defendants' violation of § 1692c(a)(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

78. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 2 – Violation of § 1692d of The FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

79. Plaintiff adopts and realleges the foregoing as fully stated herein.

80. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. See, 15 U.S.C. § 1692d.

81. Defendants' violation of § 1692d of the FDCPA, include, but are not limited to, attempting to collect a debt, by knowingly and intentionally enforcing a judgment that was vacated by the Court over three years ago and has never been reinstated.

82. Defendants' violation of § 1692d of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

83. Defendants' actions committed in violation of § 1692d have caused Plaintiff to suffer actual injury in the form of a disabling of her bank account, economic harm, financial damage, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

84. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

85. Defendants' violation of § 1692d of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

86. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 3 – Violation of § 1692e of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection**

87. Plaintiff adopts and realleges the foregoing as fully stated herein.

88. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. See, 15 U.S.C. § 1692e.

89. Defendants' violation of § 1692e of the FDCPA, include, but are not limited to, attempting to collect a debt, less than a year prior to the commencement of this instant action, by knowingly and intentionally enforcing a judgment that was vacated by the Court over three years ago and has never been reinstated.

90. Defendants' actions were false, deceptive and misleading in their attempts to collect this alleged debt.

91. Defendants' violation of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

92. Defendants' actions committed in violation of § 1692e caused Plaintiff to suffer actual injury in the form of a disabling of her bank account, economic harm, financial damage, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

93. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

94. Defendants' violation of § 1692e of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

95. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 4 – Violation of § 1692e(2) of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

96. Plaintiff adopts and realleges the foregoing as fully stated herein.

97. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect a debt. See, 15 U.S.C. § 1692e(2).

98. Defendants' violations of § 1692e(2) of the FDCPA, include, but are not limited to, attempting to collect a debt, less than a year prior to the commencement of this instant action, by knowingly and intentionally enforcing a judgment that was vacated by the Court over three years ago and has never been reinstated. Defendants purposefully misrepresented and mischaracterized the legality of the alleged debt throughout their collection attempts. Defendants intentionally and negligently represented that Plaintiff owed the full amount of the judgment, knowing that the judgment was voided and the Plaintiff did not owe the alleged debt. Defendants intentionally and negligently represented that the alleged debt was a viable account that was to be collected by Defendants and paid to the Defendants. Defendants' actions were false representations of the legal status of the alleged debt.

99. Collecting a debt which is not owing falls under misrepresenting the "character, amount, or legal status" of the debt. See, Finnegan v. University of Rochester Medical Center, 21 F.Supp.2d 223 (W.D.N.Y. 1998).

100.    Defendants' violations of § 1692e(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

101.    By seeking to collect a debt from Plaintiff by misrepresenting the legal status of the debt, Defendants caused Plaintiff to suffer actual injury in the form of disabling her bank account, economic harm, financial damage, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

102.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered financial damage, stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

103.    Defendants' violations of § 1692e(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

104.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 5 – Violation of § 1692e(10) of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer**

105.    Plaintiff adopts and realleges the foregoing as fully stated herein.

106.    Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. See, 15 U.S.C. § 1692e(10).

107.    Defendants' violation of § 1692e(10) of the FDCPA, include, but are not limited to, attempting to collect a debt less than a year prior to the commencement of this instant action, by knowingly and intentionally enforcing a judgment that was vacated by the Court over three years ago and has never been reinstated.

108.    Defendants' actions in violation of §1692e(10) were clearly false representations and deceptive means to collect an alleged debt.

109.    Defendants' violations of §1692e(10) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

110.    Defendants' actions committed in violation of § 1692e(10) caused Plaintiff to suffer caused Plaintiff to suffer actual injury in the form of disabling of her bank account, economic harm, financial damage, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

111.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(10) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered financial damage, stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

112.    Defendants' violations of § 1692e(10) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

113.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

### COUNT 6 – Violation of § 1692f of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

114.    Plaintiff adopts and realleges the foregoing as fully stated herein.

115.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. See, 15 U.S.C. § 1692f.

116.    Defendants' violation of § 1692f of the FDCPA, include, but are not limited to, attempting to collect a debt less than a year prior to the commencement of this instant action, by knowingly and intentionally enforcing a judgment that was vacated by the Court over three years ago and has never been reinstated.

117.    Defendants' actions were clearly unconscionable and unfair in their attempts to collect an alleged debt.

118.    Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

119.    Defendants' actions committed in violation of § 1692f caused Plaintiff to suffer caused Plaintiff to suffer actual injury in the form of a disabling of her bank account, economic harm, financial damage, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

120.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among

other things, suffered financial damage, stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

121.     Defendants' violations of § 1692f of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 7 – Violation of § 1692f(1) of the FDCPA – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law**

122.     Plaintiff adopts and realleges the foregoing as fully stated herein.

123.     Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. See, 15 U.S.C. § 1692f(1).

124.     Defendants' violations of § 1692f(1) of the FDCPA, include, attempting to collect a debt less than a year prior to the commencement of this instant action, by knowingly and intentionally enforcing a judgment that was vacated by the Court over three years ago and has never been reinstated. Defendants purposefully misrepresented and mischaracterized the legality of the alleged debt throughout their collection attempts. Defendants intentionally and negligently represented that Plaintiff owed the full amount of the judgment, knowing that the judgment was voided and the Plaintiff did not owe the alleged debt. Defendants intentionally and negligently represented that the alleged debt was a

viable account that was to be collected by Defendants and paid to the Defendants. Defendants' actions were clearly not permitted by law.

125.    Defendants' violations of § 1692f(1) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

126.    By seeking to collect a debt not authorized by a contract or the law from Plaintiff by misrepresenting the legal status of the debt, Defendants represented to Plaintiff that the alleged debt was a viable account which could be paid and collected. Defendants caused Plaintiff to suffer actual injury in the form of a disabling of her bank account, economic harm, financial damage, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

127.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered financial damage, stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

128.    Defendants' violations of § 1692f(1) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

129.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **COUNT 8 – Violation of § 1692f(5) of the FDCPA – Caused any charges to be made to the consumer**

130.    Plaintiff adopts and realleges the foregoing.

*131.*    Section 1692f(5) of the FDCPA prohibits a debt collector from causing any charges to be made to the consumer.  See, 15 U.S.C. § 1692f (5).

132.    Defendants' violation of § 1692f(5) of the FDCPA, include, but are not limited to, Plaintiff incurring unnecessary fees resulting from Defendants' judgment levy issued to NYC Marshal Ronald Moses to encumber Plaintiff's personal bank account, causing irreparable harm to the Plaintiff.

133.    Defendants' violation of § 1692f(5) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

134.    By unlawfully and intentionally causing charges to be incurred by the Plaintiff, Defendants caused Plaintiff to suffer caused Plaintiff to suffer actual injury in the form of disabling of her bank account, economic harm, financial damage, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

135.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(5) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered financial damage, stress, anxiety, emotional distress, humiliation, embarrassment, disruption of financial security and stability.

136.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(5) of the FDCPA, Plaintiff was damaged in that she, among other things, incurring unnecessary fees resulting from Defendants' judgment levy issued to NYC Marshal Ronald Moses to encumber Plaintiff's personal bank account, causing irreparable harm to the Plaintiff.

137.     Defendants' violations of § 1692f(5) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

138.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### COUNT 9 – Violation of § 1692f(6) of the FDCPA – Taken or threatened to unlawfully repossess or disable the consumer's property

139.     Plaintiff adopts and realleges the foregoing as fully stated herein.

*140.*     Section 1692f(6) of the FDCPA of the FDCPA prohibits a debt collector from unlawfully disabling the consumer's property.  See, 15 U.S.C. § 1692f(6).

141.     Defendants' violations of § 1692f(6) of the FDCPA, include, ordering NYC Marshal to enforce a judgment levy against Plaintiff's personal bank account. Defendants disabled Plaintiff's property, by depriving her of access to her funds contained in her bank account.

142.     Defendants' violations of § 1692f(6) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

143.     By encumbering Plaintiff's personal bank account and depriving her of her funds, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, financial damage, emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

144.     As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(6) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered financial damage, stress, humiliation and anxiety as a result of Defendants' abusive attempts to collect a debt.

145.     Defendants' violations of § 1692f(6) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

146.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT 10 – Violations of the New York General Business Law § 349

147.     Plaintiff adopts and realleges the foregoing as fully stated herein.

148.     Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

149.     GBL § 349 provides in relevant part as follows:

   a.   *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

   And;

   h.   *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

150.     It is the regular business practices of Defendants to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendants engaged in deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

151.    It is the regular business practices of Defendants to attempt to collect debts, by knowingly and intentionally enforcing a judgment that was vacated by the Court over three years ago and has never been reinstated.

152.    Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

153.    It is the regular business practices of Defendants to attempt to collect debts, by purposefully misrepresenting and mischaracterizing the legality of the alleged debt throughout their collection attempts. Defendants intentionally and negligently represent that the alleged debts are viable accounts that were to be collected by Defendants and paid to the Defendants. Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

154.    By unlawfully harassing Plaintiff, Defendants disabling of her bank account, economic harm, financial damage, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

155.    By unlawfully seeking to collect a debt less than a year prior to the commencement of this instant action from Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of significant economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

156.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that she, among other things, suffered months' long garnishment of his wages which led to a decline in his wages, stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

157.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **<u>PRAYER FOR RELIEF</u>**

Plaintiff Sharona Anderson prays that this Court:

a.  Declare that Defendants violated the FDCPA;

b.  For an award of actual and treble damages pursuant to 15 U.S.C. §1692k against the Defendants and for Plaintiff;

c.  Enter judgment in favor of Plaintiff and against the Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA;

d.  Declare that the Defendants violated the NY GBL;

e.  Enter judgment in favor of Plaintiff and against the Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 349(h) of the NY GBL.

f.  Enter judgment enjoining the Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g.  Grant such further relief as deemed just.

## **<u>JURY DEMAND</u>**

Plaintiff Sharona Anderson demands trial by jury.

Dated: January 26, 2026

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE, PC**

Attorney ID: AP-5508
165 Broadway, 23rd Floor
New York, New York 10006
Telephone: (212) 766-3323
abel@apierrelaw.com

**Attorneys for Plaintiff**